# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION (DETROIT)

In re:                                          Chapter 7

Myrtice Michelle Brown,                         Case No. 11-51683

      Debtor.                                 Hon. Phillip J. Shefferly

_____/

### ORDER DENYING MOTION TO SET ASIDE OR RECONSIDER
### ORDER GRANTING MOTION FOR RELIEF FROM AUTOMATIC STAY

On April 23, 2011, the Debtor filed this Chapter 7 case. On schedule A, the Debtor stated that she owns a home located at 52705 Coulter Ct., New Baltimore, Michigan ("Property"), having a value of $140,000.00. On schedule D, the Debtor listed a mortgage on the Property held by Lehman Brothers Bank, FSB, dated February 8, 2005. The Debtor did not list the amount of the mortgage. On July 8, 2011, Aurora Loan Services LLC filed a motion for relief from the automatic stay (docket entry no. 31). The motion alleged that Aurora Loan Services LLC is the "holder of a mortgage" on the Property. The motion attached a copy of a mortgage ("Mortgage") on the Property that was dated February 8, 2005. The Mortgage identifies Lehman Brothers Bank, FSB as the "Lender," and Mortgage Electronic Registration Systems Inc. ("MERS") as the "Mortgagee," but also states that MERS "is acting solely as the nominee for the Lender." The Mortgage states that it secures the repayment of a promissory note in the amount of $240,000.00 by the Debtor to the Lender, and that the Debtor grants the Mortgage to MERS to secure the Debtor's repayment of the promissory note and the Debtor's performance of all of the obligations under the Mortgage. The motion also attached a Corporate Assignment of Mortgage ("Assignment") dated October 8, 2010 that stated that the Mortgage was assigned by MERS, as nominee for Lehman Brothers Bank, FSB, to Aurora Loan Services LLC. The motion alleged that the market value of the Property, according to the Debtor's schedule A, is $140,000.00, and that the total debt owing to Aurora Loan

Services LLC is approximately $295,332.61. The motion also alleged that there is no equity in the Property, that there is a lack of adequate protection for the interest of Aurora Loan Services LLC in the Property, and that cause exists under § 362(d)(1) of the Bankruptcy Code to grant relief from the automatic stay.

The Chapter 7 Trustee did not file a response to the motion. The Debtor filed a response (docket entry no. 32) to the motion. The response did not deny that the Debtor made the Mortgage on February 8, 2005. The response admitted that the value of the Property is $140,000.00, but denied the allegation in the motion regarding the amount of the debt owing with respect to the Mortgage. The response further alleged that Aurora Loan Services LLC is not a real party in interest entitled to file a motion for relief from stay regarding the Property because Aurora Loan Services LLC "is no longer associated" with the Mortgage. The response then explained that whatever interest Aurora Loan Services LLC may have had in the Mortgage was "transferred to Aurora Bank, FSB." In support of this allegation, the response attached copies of correspondence dated June 30, 2011 from Aurora Loan Services LLC to the Debtor informing the Debtor that the "mortgage loan servicing" was transferred by Aurora Loan Services LLC to its parent company, Aurora Bank. The correspondence contains various information for the Debtor regarding where and how to send payments and also provides contact information both for Aurora Loan Services LLC and Aurora Bank.

The Debtor's response also alleged certain facts about the Property. First, the response alleged that there is a second mortgage on the Property which is entirely unsecured because the value of the Property is significantly less than the total debt owing. Second, the response alleged that the Debtor executed a quit claim deed with respect to the Property on April 13, 2005 to herself and Robin Turner, described in the response as "her long time partner, and the father of their children." The Debtor's response requested not only that the Court deny the motion for relief from

stay, but also requested that the Court "disallow all debts alleged to be associated with the property;" find that Aurora Loan Services LLC is not a secured creditor, but only an unsecured creditor; and allow the Chapter 7 Trustee to sell the Property and pay the proceeds to the Debtor, Robin Turner, and the Debtor's unsecured creditors on a pro-rata basis.

On August 5, 2011, the Court held a hearing on the motion for relief from stay. The Court determined that the moving party, Aurora Loan Services LLC, did have standing and was a real party in interest for purposes of filing the motion for relief from stay. As noted above, the motion attached a copy of the Mortgage made by the Debtor that identifies MERS as the Mortgagee. The motion also attached the Assignment. As the assignee of the Mortgage, the Court found that Aurora Loan Services LLC has a colorable interest in the Property, sufficient to make it a real party in interest, and to confer standing upon it, for purposes of filing a motion for relief from stay with respect to the Property.

Once the Court held that Aurora Loan Services LLC had a sufficiently colorable interest to make it a real party in interest with standing to file the motion for relief from the stay, the disposition of the motion itself was easy. Under § 362(g) of the Bankruptcy Code, a party opposing a motion for relief from the automatic stay has the burden on every issue except for the debtor's equity in the subject property. The Debtor admitted at the hearing that no payments had been made on the Mortgage since April, 2010. Therefore, the Debtor did not refute Aurora Loan Services LLC's allegation that there is cause to lift the stay, and that Aurora Loan Services LLC's interest in the Property was not being adequately protected. The Court then found that there was cause to lift the stay under § 362(d)(1) of the Bankruptcy Code. The Court also found that the motion should be granted under § 362(d)(2) of the Bankruptcy Code. This is a Chapter 7 case, not a reorganization. Therefore, the Property is not necessary to an effective reorganization. Further, the moving party established that there is no equity in the Property. Therefore, the Court held that Aurora Loan

Services LLC was entitled to relief from the stay under either § 362(d)(1) or (d)(2) of the Bankruptcy Code.

On September 6, 2011, the Court entered an order granting relief to Aurora Loan Services LLC and memorializing the Court's ruling made on the record on August 5, 2011. On September 17, 2011, the Debtor filed a motion (docket entry no. 44) to set aside the order granting relief from stay or to have the Court reconsider the motion for relief from stay. Local Bankruptcy Rule 9024-1(a) governs motions for reconsideration. Local Bankruptcy Rule 9024-1(a)(3) provides that a motion for reconsideration that merely presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. This local rule goes on to provide that the moving party must not only demonstrate a palpable defect by which the court and the parties have been misled, but also show that a different disposition of the case would result from the correction of that defect.

The Debtor's motion to set aside the order granting relief from stay or to have the Court reconsider the motion for relief from stay does not meet the standard of L.B.R. 9024-1(a)(3). The Debtor's motion does not identify any palpable defect by which the Court and the parties were misled. Instead, the Debtor's motion merely repeats the same arguments that were made by the Debtor in her response to the motion for relief from stay and that were made at the hearing on August 5, 2011. The Court has already ruled on all of those issues. The Debtor's motion for reconsideration does not meet the standards of L.B.R.9024-1(a)(3).

Although the Court holds that the Debtor's motion must be denied for lack of merit, the Court also believes that it is in the best interest of both the Debtor and Aurora Loan Services LLC to explain certain aspects of the Court's ruling made on the record at the hearing held on August 5, 2011 and in the order entered on September 6, 2011. This is a Chapter 7 case filed by the Debtor on April 23, 2011. The Debtor has already received her discharge in this case on August 22, 2011.

The Debtor admits that she has made no payments on the mortgage on the Property since April, 2010. When the Court granted the motion for relief from stay, it explained that this is a Chapter 7 case, not a reorganization. There is no equity in the Property and, therefore, no asset for the Trustee to administer in this case.

The Debtor seems to think that just because she has filed a Chapter 7 case that she is somehow entitled to a permanent injunction against Aurora Loan Services LLC from ever seeking to enforce its rights regarding the mortgage on the Debtor's Property. That is a misapprehension of what the law provides. The filing of a Chapter 7 case does not give the Debtor a permanent injunction against the enforcement of secured claims under applicable non-bankruptcy law. When the Court granted the motion for relief from stay, it simply held that the Debtor had failed to demonstrate a basis to deny the motion for relief from stay under § 362(d)(1) or (d)(2) of the Bankruptcy Code. The only legitimate issue even raised by the Debtor in response to the motion for relief from stay had to do with the standing of Aurora Loan Services LLC. On that issue, the Court found, consistent with well-established case law, that for purposes of a motion for relief from stay, all that the moving party must have is a colorable interest in the property that is the subject of the motion. In considering a motion for relief from stay, the Court does not, and should not, adjudicate all of the rights and claims of the moving party, and all of the defenses to those claims that a debtor or other opposing party may have. Instead, the limited inquiry is whether or not the moving party has a sufficiently colorable interest to give it prudential standing to move for relief from stay and, if so, whether there are grounds for relief from the stay under § 362(d)(1) or (2). A lifting of the stay simply allows that party to then seek to enforce its rights under applicable non-bankruptcy law.

The motion for relief from stay in this case was accompanied by a copy of the Mortgage that identified MERS as the holder of the mortgage. The motion was also accompanied by an

Assignment, pursuant to which MERS assigned the Mortgage to Aurora Loan Services LLC. Those documents were sufficient for the Court to find that Aurora Loan Services LLC has a colorable interest in the Property and is entitled to move for relief from the stay. However, just because the Court granted the motion does not mean that the Court finds that Aurora Loan Services LLC is entitled to enforce all of its rights under applicable non-bankruptcy law. Nor does it mean that the Debtor is not entitled to present defenses to the claims of Aurora Loan Services LLC to the extent such defenses exist under applicable non-bankruptcy law. The Court made it crystal clear at the hearing that the adjudication of the motion for relief from stay decides only that motion, and nothing else. There is nothing in the Debtor's motion for reconsideration that warrants the Court vacating its order or reconsidering the motion for relief from stay. Aurora Loan Services LLC was and remains entitled to relief from the automatic stay with respect to the Property. It may now pursue its claims under applicable non-bankruptcy law, and the Debtor is free to dispute or defend those claims under applicable non-bankruptcy law. Accordingly,

**IT IS HEREBY ORDERED** that the Debtor's motion to set aside the order granting relief from the stay or to reconsider the motion for relief from stay is denied.

.

```
Signed on October 05, 2011
```

```
                            /s/ Phillip J. Shefferly
                         Phillip J. Shefferly
                         United States Bankruptcy Judge
```